# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAYNA GATLIN, as an individual, SANDRA GATLIN, as an individual, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>UNITED PARCEL SERVICE, INC., an Ohio corporation; and DOES 1 through 100,<br>　　　　　　Defendants. | Case No. 2:18-cv-03135-SVW-AS<br><br>Assigned to: Hon. Judge Stephen V. Wilson<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:　　　　　January 27, 2020<br>Time:　　　　　1:30 p.m.<br>Courtroom:　　10A<br><br>Action Filed:　　January 31, 2018<br>Pre-Trial Conf:　None Set<br>Trial:　　　　　None Set |

The Motion of Plaintiffs Delayna Gatlin and Sandra Gatlin ("Plaintiffs") for Preliminary Approval of Class Action Settlement came on regularly for hearing before this Court on January 27, 2020, at 1:30 p.m. The Court, having considered the proposed Stipulation of Class Action Settlement ("Settlement"), attached as Exhibit 1 to the Declaration of Elizabeth Nguyen filed concurrently with the Motion; having considered Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, memorandum of points and authorities in support thereof, and supporting declarations filed therewith; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1.  The Court GRANTS preliminary approval of the class action settlement as set forth in the Settlement and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at a Final Approval Hearing. The Court preliminarily approves the terms of the Settlement and finds that they fall within the range of approval as fair, adequate and reasonable. Based on a review of the papers submitted by Plaintiffs, the Court finds that the Settlement is the result of arms-length negotiations conducted after Plaintiffs and/or their counsel adequately investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of an experienced mediator in the Settlement process supports the Court's conclusion that the Settlement is non-collusive and reasonable. The Settlement is presumptively valid, subject only to any objections that may be raised pursuant to the terms of the Settlement.

2.  For purposes of the Settlement, the Court finds that the proposed Class is ascertainable and that there is a sufficiently well-defined community of interest among the Settlement Class members in questions of law and fact. Therefore, for settlement purposes only, the Court grants conditional certification of the following Settlement Class:

a. "All Employee Subclass": All current and former non-exempt employees who worked for Defendant in California from January 31, 2014 until the date of preliminary approval who: (1) were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; and (2) were paid a retention bonus (coded "RTN") and overtime in the same pay period or prior pay period; and

b. "Former Employee Subclass": All former non-exempt employees who worked for Defendant in California and separated their employment between January 31, 2015 and the date of preliminary approval who: (1) were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; and (2) were paid a retention bonus (coded "RTN") and overtime in the same pay period or prior pay period.

3. The Court finds that, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

4. For purposes of the Settlement, the Court designates Plaintiffs Delayna Gatlin and Sandra Gatlin as Class Representatives, and designates Scott M. Lidman, Elizabeth Nguyen, and Milan Moore of Lidman Law, APC and Paul K. Haines of Haines Law Group, APC, as Class Counsel.

5. The Court appoints Phoenix Settlement Administrators, as the third-party Settlement Administrator for mailing notices and administering the settlement.

6. The Court approves, as to form and content, the Notice Packet (which consists of the proposed Notice of Pendency of Class Action and Proposed Settlement and Notice of Individual Settlement Award) attached to the Settlement as Exhibits A and B, respectively.

7. The Court finds that the form of notice to the Settlement Class members regarding the pendency of the action and of the Settlement, and the methods of giving notice to Settlement Class members constitute the best notice

practicable under the circumstances, and constitute valid, due, and sufficient notice to all Settlement Class members. The form and method of giving notice complies fully with the requirements of due process, the United States Constitution, and other applicable law.

8. The Court further approves the procedures for Settlement Class members to opt out of or object to the Settlement, as set forth in the Class Notice and the Settlement.

9. The procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class member's objection to the Settlement, in accordance with the due process rights of all Settlement Class members.

10. The Court directs the Settlement Administrator to mail the Notice Packet to the Settlement Class members in accordance with the terms of the Settlement.

11. The Class Notice shall provide 45 calendar days' notice for Settlement Class members to submit disputes, opt out of, or object to the Settlement.

12. The Final Approval Hearing on the question of whether the Settlement Agreement should be finally approved as fair, reasonable and adequate is scheduled on May 18, 2020, at 1:30 p.m., in Courtroom 10A of this Court, located at 350 West 1st Street, Los Angeles, California 90012. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Class Members.

13. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting final approval of the Settlement should be entered; and (c) whether Plaintiffs' request for service awards, settlement administration costs, LWDA's share of PAGA penalties, and Class

Counsel's attorneys' fees and costs should be granted.

14. Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of their request for Plaintiffs' service awards and Class Counsel's attorneys' fees and costs on or before _____, 2020. Class Counsel shall file their motion for final approval of the Settlement on or before _____, 2020.

15. An implementation schedule is below:

| Event | Date | Actual Date[1] |
|---|---|---|
| Defendant to provide Class Data to Settlement Administrator | 30 calendar days after issuance of the preliminary approval order | February 26, 2020 |
| Settlement Administrator to mail Notice Packets to Class Members | 10 business days after receiving Class Information from Defendant | March 11, 2020 |
| Deadline for Class Members to request exclusion from, submit disputes, or object to, the Settlement | 45 calendar days after mailing of the Notice by the Settlement Administrator | April 25, 2020 |
| Deadline for Plaintiffs to file Motion for Final Approval of Class Action Settlement: | May 1, 2020 | |
| Final Fairness Hearing: | May 18, 2020 at 1:30 p.m. | |

16. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing, and other dates set forth in this order, from time to time without further notice to Class Members.

17. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

18. Counsel for the parties are hereby authorized to utilize all reasonable

---

[1] These dates are based on the Court granting preliminary approval at the hearing, currently noticed for January 27, 2020.

procedures in connection with the administration of the Settlement which are not inconsistent with either this Order or the terms of the Settlement.

IT IS SO ORDERED.

Dated: January 21, 2020

_____
The Honorable Stephen V. Wilson
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT