UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING FINAL SETTLEMENT APPROVAL [63] AND GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [64]

     Lead Plaintiffs, Delayna Gatlin and Sandra Gatlin ("Plaintiffs"), filed this motion seeking attorney's fees and costs on May 1, 2020 on behalf of Class Counsel Lidman Law, APC and Haines Law, APC ("Class Counsel"). Dkt. 64. Defendant United Parcel Service, Inc. ("UPS") has not opposed this motion, nor has any class member filed an objection to the settlement. For the reasons articulated below, the Court GRANTS final approval of the settlement and GRANTS IN PART Plaintiff's motion for attorney's fees and costs, awarding Class Counsel 25% of the total settlement amount, as well as all requested litigation costs, service awards, and settlement administrator payment.

**I.    Factual and Procedural Background**

     Plaintiffs initially filed this class action lawsuit on January 31, 2018. Dkt. 64. On January 21, 2020, the parties filed a stipulation for settlement approval, and the Court granted preliminary approval of the parties' class action settlement. *Id.* at 1. After notice to the class and an appropriate claims period, this settlement is now before the Court for final approval and this motion for attorney's fees on behalf of Class Counsel. Dkt. 64.

     Plaintiffs represent a class of current or former UPS employees in the state of California who are defined as non-exempt employees, paid an hourly rate of less than 130% of the then-applicable California minimum wage, and were paid a retention bonus and overtime in the same pay period or prior pay period. *Id.* at 3. Plaintiffs alleged that UPS failed to properly compensate employees for overtime hours worked. *Id.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

The settlement agreement between the class and UPS creates a total settlement fund of $990,000. *Id.* at 1. Plaintiffs request $330,000 in attorneys' fees, which is 33.33% of the gross settlement amount. *Id.* Plaintiffs additionally request reimbursement of litigation expenses totaling $31,813.36, and approval of a payment of $29,500 to Phoenix Settlement Administrators for its services administering the settlement. *Id.* Lastly, Plaintiffs request Service Awards for each Plaintiff of $7,500, totaling $15,000. *Id.*

**II.   Final Settlement Approval**

Plaintiffs move for final settlement approval. Dkt. 63.  The Court has jurisdiction over the subject matter of the above captioned action (the "Action"), and personal jurisdiction of the named Plaintiffs, Defendant United Parcel Service, Inc. ("UPS"), and all members of the following Settlement Classes:

> a. "All Employee Subclass": All current and former non-exempt employees who worked for Defendant in California from January 31,2014 until January 21, 2020 who: (1) were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; and (2) were paid a retention bonus (coded "RTN") and overtime in the same pay period or prior pay period; and

> b. "Former Employee Subclass": All former non-exempt employees who worked for Defendant in California and separated their employment between January 31, 2015 and January 21, 2020 who: (1) were paid an hourly rate of pay that was less than 130% of the then-applicable California minimum wage; and (2) were paid a retention bonus (coded "RTN") and overtime in the same pay period or prior pay period.

The terms "Settlement" or "Settlement Agreement" shall refer to the Stipulation of Class Action Settlement filed by Plaintiffs as Exhibit 1 to Joint Stipulation Regarding Filing of Corrected Settlement Agreement and Proposed Draft Notice to Class Members of Settlement, on February 26, 2020 (Dkt. No. 59), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided otherwise herein.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

    The Court grants final approval of the Settlement Agreement, and finds that the Settlement as fair, adequate, reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Classes fairly.

    The Court finds, based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the Settlement Classes was adequate. The notice informed members of the Settlement Classes of the terms of the Settlement, their right to participate in the Settlement and how to do so, their right to object to the Settlement, their right to appear at the Final Approval Hearing and be heard regarding approval of the Settlement, and their right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures. No members of the Classes objected to the Settlement, and only four Settlement Class Members have opted out of the Settlement.[1]

    The Court finds, for purposes of settlement only, that the Settlement Classes satisfy the applicable standards for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating the Settlement, this Court has certified the Settlement Classes, as defined above. Because the Settlement Classes are being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

    The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable, and adequate as to the Settlement Classes, the Class Representatives, and UPS (collectively the "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

    UPS shall deposit the Gross Settlement Amount of $990,000 with the Settlement Administrator within 30 days of the Effective Date. Effective Date is defined as the later of (1) date on which the Court enters an Order granting Final Approval of the Settlement Agreement or, (2) solely in the event that there are any objections to the Settlement Agreement (the filing of an objection being a prerequisite to the filing of an appeal), the later of: (i) the last date on which

---

[1] The individuals who submitted valid request for exclusions were: John David Atkinson, Lekecia Denise Dukes, Michael McSwain, and Tin-Darien Nguyen.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

any appeal might be filed or (ii) the successful resolution of any appeal(s) – including expiration of any time to seek reconsideration or further review.

    By this Judgment, and after the fulfillment of UPS's obligations under the Settlement Agreement, the Class Representatives and all Settlement Class Members, except the four employees who submitted valid requests for exclusion (i.e. John David Atkinson, Lekecia Denise Dukes, Michael McSwain, and Tin-Darien Nguyen), shall fully release and discharge Defendant UPS, and all of its past and present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys, (collectively the "Released Parties") from all claims, demands, rights, liabilities and causes of action that were pled in the operative Second Amended Class and Representative Complaint, or which could have been pled in the operative Second Amended Class and Representative Complaint, that arose during the Class Period for the time period of January 31, 2014 through the date of final approval of the settlement ("Released Claims") with respect to the following claims: (a) failure to pay all overtime wages; (b) failure to provide accurate, itemized wage statements; (c) failure to pay all final wages due at upon separation of employment; (d) all claims for unfair business practices that could have been premised on the facts, claims, causes of action or legal theories described above; and (e) a claim under the California Labor Code Private Attorneys General Act of 2004 that could have been premised on the facts, claims, causes of action or legal theories described above.

    The period of the Release shall be January 31, 2014 through the date of final approval of the settlement. Pursuant to the Settlement, and in light of their Class Representative Service Awards and other consideration given, Plaintiffs Delayna Gatlin and Sandra Gatlin each agree to release, in addition to the Released Claims described above, all claims, whether known or unknown, under federal, state or local law against the Released Parties, including but not limited to all claims related to or arising out of their employment with Defendant and the termination thereof. The Parties understand and agree that Plaintiffs Delayna Gatlin and Sandra Gatlin are not, by way of this release, releasing any workers' compensation claims nor any other claims which cannot be released as a matter of law. Notwithstanding the foregoing, Plaintiffs Delayna Gatlin and Sandra Gatlin each understand that this release includes unknown claims and that they are, as a result, waiving all rights and benefits afforded by Section 1542 of the California Civil Code. The releases identified herein shall be null and void should the Settlement not be fully funded.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

The Court finds that the plan of allocation of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of Individual Settlement Payments to members of the Settlement Classes shall be effectuated in accordance with the terms outlined in the Settlement. The Court hereby confirms the appointment of Delayna Gatlin and Sandra Gatlin as Class Representatives, for purposes of the Settlement. The Court hereby confirms the appointment of Scott M. Lidman, Elizabeth Nguyen, and Milan Moore of Lidman Law, APC and Paul K. Haines of Haines Law Group, APC as Class Counsel for purposes of the Settlement. For the reasons stated above, the Court GRANTS Plaintiff's motion for final approval of the settlement.

### III. Attorneys' Fees, Costs, and Service Award

#### a. Legal Standard

In awarding attorneys' fees under Federal Rule of Civil Procedure 23(h), "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *Id.* at 941–42. Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in the Ninth Circuit, the benchmark percentage is 25%. *Id.* at 942. The lodestar method requires "multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941.

A district court has discretion in calculating fees, or approving a fee request, but it "abuses that discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir.2010) (internal quotation marks omitted). One way that a court may demonstrate that its use of a particular method or the amount awarded is reasonable is by conducting a cross-check using the other method. For example, a crosscheck using the lodestar method "can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.'" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 945 (quoting *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 n. 40 (3d Cir.1995)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

Because the relationship between class counsel and class members turns adversarial at the fee-setting stage, district courts assume a fiduciary role that requires close scrutiny of class counsel's requests for fees and expenses from the common fund. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("As a fiduciary for the class, the district court must 'act with a jealous regard to the rights of those who are interested in the fund in determining what a proper fee award is.'" (internal quotation marks omitted) (quoting *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994))); 4 William B. Rubenstein, Newberg on Class Actions § 13:40 (5th ed. 2012).

### b. Attorneys' Fees

As is customary in large-figure class action settlements, the Court acts within its discretion to first analyze the fee request under the common fund approach, and then cross-check this analysis with reference to the provided lodestar figures submitted by Class Counsel, to ensure the award is reasonable. *See Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *11-12 (N.D. Cal. May 4, 2018); *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *8-9 (N.D. Cal. Jan. 29, 2016).

### i. Common Fund

Plaintiffs seek 33.33% of the total settlement fund in attorneys' fees, for a total fee award of $330,000. Dkt. 64 at 1. Plaintiffs acknowledge that the "benchmark" figure for fee award analysis under the percentage of a common fund approach is 25%. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 942; *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). However, Plaintiffs argue that "special circumstances" present in this case justify an upwards departure from this benchmark. Dkt 64 at 2–3.

The Ninth Circuit has indicated that factors relevant for consideration of an upwards percentage fee adjustment include (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and the duration during which the case was handled on a contingency basis. *Vizcaino v.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

*Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *see also In re Optical Disk Drive Prods. Antitrust Litig.*, 2020 WL 2507359, at *6 (9th Cir. May 15, 2020).

    The Court concludes that, given the record, none of these factors justify an upwards departure from the 25% benchmark. Plaintiffs do not discuss all of the factors listed above, and, of the factors discussed, Plaintiffs' arguments regarding their entitlement to upward adjustment contains only conclusory assertions. *See* Dkt. 64. Plaintiffs contend that they are entitled to an upward adjustment because Class Counsel recovered approximately 46.44% of the estimated realistic recovery. *Id.* at 4. Plaintiffs argue that this warrants an upward adjustment because of the positive result despite limited claims and risks. *Id.* The Court finds that while this is a positive litigation outcome, it is not an extraordinary result that justifies an upwards adjustment to the Ninth Circuit benchmark. *See Taylor v. TIC - The Indus. Co.*, 2018 WL 6131198, at *7 (C.D. Cal. Aug. 1, 2018) (declining to conclude that an early settlement for a substantial fraction of potential liability necessarily constituted an "extraordinary" result).

    Plaintiffs next argue that the risk of continued litigation in this case warrants an upward adjustment. Dkt. 64 at 4. Plaintiffs argue that at the time of settlement the case had been pending for two years and the risk of continued litigation was great given the potential for adverse class certification rulings or summary judgment rulings. *Id.* The risk of continued litigation does not weigh in favor of an upward adjustment because Plaintiffs fail to demonstrate any risk that is not common to all class-action cases. *See Taylor v. TIC*, 2018 WL 6131198, at *8 (explaining that the risk of non-payment in event of a negative outcome is not an "extreme risk" meriting upwards adjustment).

    Plaintiffs also argue that they are entitled to an upward adjustment because of the contingent nature of the case. Dkt. 64 at 5. Plaintiffs contend that Class Counsel took this case on a contingency basis and advanced out-of-pocket litigation costs. *Id.* In major class-actions, contingency is the norm not the exception, so this factor does not turn in Plaintiffs favor. See Taylor v. TIC, 2018 WL 6131198, at *8.

    After considering the factors discussed above, the Court concludes that Plaintiff has not established that this is an exceptional case where Class Counsel is entitled to an upward adjustment from the 25% benchmark. The Court therefore finds that Class Counsel's work justifies a 25% fee award rather than the requested 33.33% fee award. The Court calculates this percentage of the $990,000 total settlement to be $247,500.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

### ii. Lodestar Cross-Check

As is customary, the Court checks this fee award against the lodestar, "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The declaration submitted by Class Counsel sufficiently documents and justifies their hourly billing rates and shows a combined hourly billing total of 558.6 hours incurred during the course of this litigation. Dkt. 64 Nguyen Decl. at 13. At the appropriately justified hourly rates for each of the attorneys employed by Class Counsel, this results in a total lodestar figure of $313,962.50.

By awarding 25% of the common fund ($247,500), the Court has effectively awarded a negative lodestar multiplier of 0.79 to Plaintiffs' purported bills. However, this adjustment is appropriate given the limited litigation record and relative simplicity of this case. After filing the case in early 2018, the parties engaged in extremely limited motion practice. The only contested motion on the record was Defendant's motion to dismiss or stay the case, (Dkt. 28), which was granted in part in favor of Defendants in August of 2018. *See* Dkt. 38. There was no subsequent motion practice before this Court until the parties filed a motion for settlement approval in December of 2019. Dkt. 54.

In addition to its procedural simplicity, as described above, Plaintiffs have not established the case contained any extraordinary risk, or any novel issue of fact or law. In light of relative simplicity of the case, the Court finds a negative lodestar is appropriate and consistent with common-fund fee awards for similar cases throughout California. *See Taylor v. TIC*, 2018 WL 6131198, at *10 (C.D. Cal. Aug. 1, 2018) (approving fee award equivalent to 25% of common fund with a negative multiplier of 0.5); *In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007) (approving negative multiplier of 0.74). *See Brooks v. Life Care Centers*, 2015 WL 13298569, at *5 (C.D. Cal. Oct. 19, 2015) (finding that a "negative multiplier" is not a compelling reason to depart from the Ninth Circuit's benchmark for fee awards); *Contreras v. Worldwide Flight Servs., Inc.*, 2020 WL 2083017, at *8 (C.D. Cal. Apr. 1, 2020) (same); *Bravo v. Gale Triangle, Inc.*, 2017 WL 708766, at *18 (C.D. Cal. Feb. 16, 2017) (same); *see also Johnson v. MGM*, 943 F.3d at 1242 (affirming district court's decision to grant a lodestar with no risk multiplier when that lodestar award exceeded the 25% benchmark for common fund cases).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

### c. Litigation Costs

An attorney is entitled to "recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (citation omitted). To support an expense award, plaintiffs must file an itemized list of their expenses by category and the total amount advanced for each category, allowing the Court to assess whether the expenses are reasonable. *Smith v. Am. Greetings Corp.*, 2016 WL 362395, at *9 (N.D. Cal. Jan. 29, 2016) (citations omitted).

Plaintiffs have submitted evidence adequately documenting litigation costs of $31,813.36 incurred during the course of this litigation. Dkt. 64 Exh. B. These expenses are properly categorized and reasonable in light of the course of the litigation overall. The Court awards $31,813.36 in costs to Class Counsel.

### d. Settlement Administrator Payment

Plaintiffs also request $29,500 to be paid to Phoenix Settlement Administrators ("PSA"), for its settlement administration services in this case. Dkt. 64 at 16. Plaintiffs have provided a detailed description of the services provided by PSA and all class members have been notified that PSA would seek reimbursement of costs up to $29,500. Dkt. 64 Kruckenberg Decl. The Court finds that Plaintiffs' request of $29,5000 to be paid to PSA is reasonable. *See Herrera v. Fed. Express Corp.*, No. EDCV 17-2137-MWF (SHKx), 2020 WL 2951122 at *8 (C.D. Cal. Mar. 31, 2020) (finding that the plaintiff's request for payment to the settlement administrators of $45,750 was reasonable where the plaintiff provided a detailed breakdown and class members were notified of the payment).

### e. Service Awards

Lastly, Plaintiffs request service awards of $7,500 to each named Plaintiff, totaling $15,000. "Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009). "[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). In determining whether a service award is appropriate, courts consider "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment . . . ." *Id.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-03135-SVW-AS | Date | 7/31/2020 |
|---|---|---|---|
| Title | *Delayna Gatlin et al v. United Parcel Service, Inc.* | | |

Here, there are two Plaintiffs requesting service awards, each amounting to only 0.01% of the gross settlement amount. Plaintiffs request the service awards because Plaintiffs "expended considerable time assisting Class Counsel and pushing this case forward." Dkt. 64 at 15. Plaintiffs also explain that they faced risks filing an action against an employer. *Id.* at 16. Other courts within the Central District of California have found a service award of $7,500 per named plaintiff to be reasonable. *See Urakchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614-JLS-JCG, 2018 WL 8334858 at *7–*8 (C.D. Cal. July 30, 2018) (finding that a service award of $7,500 was reasonable where the award represented 0.06% of the settlement amount and the plaintiff had actively participated in the litigation); *Jasper v. C.R. England, Inc.*, No. CV 08-5226-GW(CWx), 2014 WL 12577426 at *10 (C.D. Cal. Nov. 3, 2014) (finding that a service award of $7,500 was reasonable where the plaintiff was actively involved in the discovery process and undertook the risks involved with suing an employer). Therefore, the Court finds that a service award of $7,500 to each named Plaintiff, totaling $15,000, is reasonable in this case.

### IV. Conclusion

The Court GRANTS Plaintiff's motion for final approval of the settlement. The Court GRANTS IN PART Plaintiff's motion for attorney's fees, costs, and service award. Class Counsel is awarded $247,500 in attorney's fees and $31,813.36 in costs. Plaintiff is awarded $29,500 to be paid to PSA for PSA's services. Named Plaintiffs are awarded a service award of $7,500 each, totaling $15,000.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |